FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

97 AUG 13 PM 3: 39

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **CARRIE HAWTHORNE**, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-97-N-1579-NE |
| **MAC ADJUSTMENT, INC.**, | ] |
| Defendant(s). | ] |

ENTERED
AUG 13 1997

### Memorandum of Opinion

Plaintiff Carrie Hawthorne ("Ms. Hawthorne") brings action against defendant Mac Adjustment, Inc.("Mac") for statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k *et seq.* The claim arises out of a single letter sent by the defendant regarding a subrogation claim.

The court presently has for consideration the defendant's motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. "A motion for judgment on the pleadings must be sustained where the undisputed facts appearing on the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted." *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir. 1962). In this case, the parties agree that the obligation that Mac attempted to collect resulted from the plaintiff's alleged role as a tortfeasor and the subrogation rights of the other party's insurance carrier. The defendant argues that an obligation arising out of the commission of a tort is not a "debt" within the meaning of the FDCPA.

/0

The claim here is founded upon a single letter sent by MAC to the plaintiff on June 5, 1996. That letter stated:

> Dear CARRIE HAWTHORNE:
>
> The above captioned subrogation claim resulting from your negligence has been referred to us to bring to a conclusion. If you had liability insurance to cover this accident, kindly note the name of your Insurance Company and policy number on the bottom of this letter and return it to us. If you did not have insurance and wish to resolve this matter voluntarily, send your check for the full amount of the claim by return mail.
>
> In the event that you are without insurance and you cannot remit payment immediately, please call our office AS SOON AS POSSIBLE to make arrangements to get this matter resolved.
>
> Sincerely,
>
> A.F. McGlone
> Subrogation Dept.
>
>
> Unless you, within 30 days after receipt of this notice, dispute the validity of this claim or any portion thereof, the claim will be assumed to be valid. If you notify us in writing within 30 days that the claim or any portion thereof is disputed, we will obtain verification of the claim or a copy of a judgment against you and a copy of verification or judgment will be mailed to you. Upon written request within 30 days, we will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a claim and any information obtained will be used for that purpose.

*Attachment to Complaint (Exhibit A to Motion).*

The FDCPA was intended to protect consumers from abusive, deceptive, and unfair debt collection practices by debt collectors. The act prohibits, *inter alia*, the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. As noted, the defendant asserts that the plaintiff's

2

obligation to compensate a victim of her tortious conduct does not constitute a debt within the meaning of the FDCPA. The court looks to the statutory language to determine whether an obligation comes within the coverage of the FDCPA. The act, in pertinent part, provides:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment . . . .

15 U.S.C. § 1692a(5). The defendant's alleged conduct here falls within the coverage of the statute only if it concerned an "obligation . . . of a consumer to pay money [that arose] out of a transaction."

Apparently, the Eleventh Circuit has not yet addressed the issue presented by this case. The decisions of other circuits, however, provide some guidance. "[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997), *citing, Shorts v. Palmer*, 155 F.R.D. 172, 175-76 (S.D. Ohio 1994). In *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168 (3d Cir. 1987), the court, quoting from its earlier opinion in *Staub v. Harris*, 626 F.2d 275 (3d Cir. 1980), said, "We believe that, at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." The court went on to say, "[A debt covered by the Act] is a transaction in which a consumer is offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment." *Zimmerman*, at 1168-69.

3

In the present case, the obligation which MAC sought to collect arose out of Ms. Hawthorne's tortious conduct toward an insurance company's insured. It did not arise out of any consumer transaction in which the plaintiff was "offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment." For that reason, it is not a "debt" within the meaning of the FDCPA.

The defendant's motion for judgment on the pleadings will be granted and the action, by separate order, will be dismissed with prejudice.

Done, this 13th of August, 1997.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4